TEAMSTERS UNION LOCAL # 557, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL–CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

Nos. 03–1158, 03–1173.

United States Court of Appeals, District of Columbia Circuit.

March 30, 2004.

James F. Wallington, Baptiste & Wilder, Washington, DC, for Petitioner.

Arthur F. Rosenfeld, Aileen A. Armstrong, Deputy Associate General Counsel, John H. Ferguson, Assistant General Counsel, Meredith L. Jason, Attorney, James M. Oleske, Jr., Michael Hugh Carlin, National Labor Relations Board (NLRB) General Counsel, Washington, DC, for Respondent.

Before GINSBURG, Chief Judge, and RANDOLPH and ROBERTS, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This cause was considered on the record before the National Labor Relations Board and on the briefs and arguments of the parties. It is

ORDERED AND ADJUDGED that the petition for review is denied, and the Board's cross-application for enforcement is granted. The Board's decision, in which it affirmed the Administrative Law Judge's decision and findings and adopted his recommended order, is supported by substantial evidence.

The record in this case supports the Board's ruling that General Motors was correctly deemed a "neutral" party for purposes of § 8(b)(4) of the National Labor Relations Act, 29 U.S.C. § 158(b)(4), due to its arm's-length relationship with New Concept Solutions. *See NLRB v. Denver Building Trades Council,* 341 U.S. 675, 687–90, 71 S.Ct. 943, 95 L.Ed. 1284 (1951). There is no evidence in the record of this case to suggest General Motors exercised control over the labor relations or employment policies of New Concept Solutions.

The undisputed evidence shows the Teamsters gathered in front of General Motors' administration building and demonstrated with picket signs. The slogans on the signs clearly indicated the Teamsters' activities were aimed at General Motors, a neutral party. This type of activity therefore constituted "picketing," and it was "coercive" for purposes of § 8(b)(4)(ii) of the Act. *See District 29, United Mine Workers of Am. v. NLRB*, 977 F.2d 1470, 1471 (D.C.Cir.1992).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.